J-A14007-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| RAHIDYAH S. THOMAS | : | |
| Appellant | : | No. 1035 EDA 2025 |

Appeal from the Judgment of Sentence Entered March 26, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001032-2023

BEFORE:  DUBOW, J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JULY 24, 2026**

Appellant, Rahidyah S. Thomas, appeals from the March 25, 2025 judgment of sentence of, *inter alia*, 3½ to 7 years of incarceration followed by 2 years of probation entered in the Philadelphia County Court of Common Pleas following her non-jury conviction of Robbery[1] and related offenses. Appellant challenges the sufficiency of the evidence for her robbery conviction and the legality of her sentence.  After careful review, we find that because the Commonwealth charged Appellant with committing a robbery that included the element of infliction of serious bodily injury on the victim but did not present any evidence that the victim suffered serious bodily injury, we are constrained to vacate the robbery conviction.  We, therefore, remand with instructions.

_____

[1] 18 Pa.C.S. § 3701(a)(1)(i).

The relevant facts and procedural history are as follows. On January 20, 2023, as the victim, a food delivery driver, left a North Philadelphia Chinese restaurant with an order, a tall dark-skinned man wearing a black ski mask grabbed him from behind and instructed Appellant to grab the victim's gun from his pants pocket. The victim and Appellant struggled for the gun and then fell to the ground. About three or four additional people rushed inside the restaurant and began hitting the victim. The tall dark-skinned man wearing the ski mask pried the gun from the victim's hand and pointed it at him. The group of assailants, including Appellant, then fled the restaurant and ran down the street. Police apprehended Appellant shortly thereafter and took her into custody.

The following day, the Commonwealth filed a criminal complaint alleging that Appellant had committed, *inter alia*, Aggravated Assault and Robbery when she, "in concert with others and in the course of committing a theft, [] threatened or intentionally put another in fear of serious bodily injury by approaching [the victim], and struck [the victim] numerous time with hands and feet including while [the victim] was being held from behind by another person." Criminal Complaint, 1/21/23. The Criminal Complaint did not, however, cite any specific provision of the Crimes Code, including, most relevant to our analysis, the provision that provides that the defendant, while committing a robbery, threatened to inflict serious bodily injury.

Following Appellant's February 6, 2023 preliminary hearing at which the trial court dismissed the Aggravated Assault charge, the Commonwealth filed

a criminal information ("Information") formally charging Appellant with, *inter alia*, Robbery—Inflict Serious Bodily Injury ("Inflict SBI") under 18 Pa.C.S. § 3701(a)(1)(i) and Conspiracy.[2] The Commonwealth did not include the robbery charge for threatening to inflict serious bodily injury pursuant to 18 Pa.C.S. § 3701(a)(1)(iii) ("Threat of SBI").

On May 15, 2023, Appellant filed a motion to quash requesting that the trial court dismiss the Robbery—Inflict SBI charge because at the preliminary hearing, the Commonwealth failed to present any evidence that the victim was injured, let alone suffered serious bodily injury. Appellant further argued that this failure was confirmed by the fact that the Municipal Court judge dismissed the Aggravated Assault charge.[3] Motion, 5/15/23, at ¶¶ 8-9. Counsel also argued that the Commonwealth should amend the Information to include the charge of Robbery—Threat of SBI. *Id.* at ¶ 12. The Commonwealth did not do so.

The trial court subsequently conducted a two-day waiver trial at which, *inter alia*, the victim testified. Notably, the victim did not offer any testimony indicating he had suffered any injuries as a result of the incident. Nevertheless, immediately following the trial, the court convicted Appellant of

---

[2] The Information also charged Appellant at Count 3 with Theft by Unlawful Taking, at Count 4 with Receiving Stolen Property, at Count 5 with Simple Assault, and at Count 6 with Recklessly Endangering Another Person. Appellant has not challenged the disposition of any of these charges on appeal.

[3] The trial court never ruled on the motion to quash.

"Counts 1 through 5" which included the Robbery—Inflict SBI. The trial court found Appellant not guilty of Recklessly Endangering Another Person, Count Six.[4] N.T. Trial, 10/4/24, at 65.

At the commencement of Appellant's March 26, 2025 sentencing hearing, Appellant's counsel made an oral motion for judgment of acquittal arguing that the Commonwealth had failed to prove Robbery—Inflict SBI because it presented no evidence that the victim suffered any injuries. The Commonwealth objected and argued that the court could uphold Appellant's conviction for Robbery—Threat of SBI because that charge is a lesser-included offense of Robbery—Inflict SBI. *Id.* at 5. The trial court denied Appellant's motion for judgment of acquittal and declined Appellant's request to clarify under which subsection of the robbery statute it had convicted Appellant, explaining only that the court found "that robbery of the first degree was made out during the course of the trial." *Id.* at 7. The court then sentenced Appellant to term of 3½ to 7 years of incarceration followed by 2 years of probation for the robbery conviction, and a concurrent term of 2 to 4 years

---

[4] The convictions announced in open court conflict with the docketed "Trial Disposition and Dismissal Form" which indicates the court convicted Appellant of four offenses—Conspiracy to Commit Robbery—Inflict SBI, Theft by Unlawful Taking, Receiving Stolen Property, and Simple Assault—acquitted her of REAP, and *nolle prossed* the Conspiracy charge. The trial court clarified on the record at Appellant's sentencing hearing that it had convicted Appellant of Robbery—Inflict SBI and not of Conspiracy to Commit Robbery—Inflict SBI and agreed to Appellant's unopposed request to correct Count 1 as listed on the "Trial Disposition and Dismissal Form." N.T. Sentencing Hr'g, 3/26/25, at 4-5.

and 1 to 2 years of incarceration for the Theft and Simple Assault convictions, respectively.[5]

The court further ordered as conditions of Appellant's probation that she: (1) be subject to a personal search or search of her property at the discretion of probation, and (2) participate in mental health and drug and alcohol treatment, a victim awareness class, and an anti-violence program. Sentencing Order, 3/26/25. Appellant did not file a post-sentence motion.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following three issues on appeal:

1. Whether the evidence was insufficient to sustain the conviction of [Robbery—Inflict SBI] under 18 Pa.C.S. § 3701(a)(1)(i), where the Commonwealth presented no evidence that [Appellant] inflicted serious bodily injury upon another, no other subsection of the [R]obbery statute was charged in the [I]nformation, § 3701(a)(1)(ii) is not a lesser included offense of § 3701(a)(1)(i), and the conviction cannot be supported under any theory of vicarious liability?

2. Whether the lower court imposed an illegal sentence when it ordered that [Appellant] is "subject to undergo a personal search or search of [her] property at the discretion of probation," as the Pennsylvania Supreme Court has held that such a condition of supervision is illegal?

3. Whether the lower court illegally imposed nonconfinement conditions as part of [Appellant's] state confinement sentence, because these conditions are left to the exclusive authority of the Pennsylvania Department of Corrections and [the] Pennsylvania Board of Probation and Parole?

_____

[5] The court imposed no further sentence for the Receiving Stolen Property conviction.

Appellant's Br. at 3-4.

Appellant's first issue challenges the sufficiency of the evidence in support of her conviction of Robbery—Inflict SBI as codified in Section 3701(a)(1)(i) of the Crimes Code. Our standard of review for challenges to sufficiency of the evidence is well-settled. "A claim challenging the sufficiency of the evidence is a question of law." **Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa. 2000). When reviewing sufficiency challenges, we evaluate the record in the light most favorable to the verdict-winner, giving the Commonwealth the benefit of all reasonable inferences to be drawn from the evidence. **Commonwealth v. Trinidad**, 96 A.3d 1031, 1038 (Pa. Super. 2014). This Court will not disturb a verdict when "there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt." **Commonwealth v. Sipps**, 225 A.3d 1110, 1113 (Pa. Super. 2019) (citation omitted). The Commonwealth can establish these elements using solely circumstantial evidence. **Id.** Furthermore, the factfinder is "entitled to draw reasonable inferences from the facts presented, resolve any issues of credibility and believe all, part or none of the evidence." **Commonwealth v. Hankerson**, 444 A.2d 727, 728 (Pa. Super. 1982).

The Crimes Code has defined the offense of Robbery—Inflict SBI as follows:

(a) Offense defined.—

(1) A person is guilty of robbery if, in the course of committing a theft, [s]he:

- 6 -

### (i) **inflicts serious bodily injury upon another[.]**

18 Pa.C.S. § 3701(a)(1)(i) (emphasis added).[6] "Serious bodily injury" means "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301.

Here, the record is clear, and the Commonwealth does not dispute, that the Commonwealth did not present any evidence that the victim suffered any actual injury, let alone serious bodily injury. Accordingly, the Commonwealth did not prove that Appellant committed the charged offense of Robbery—Inflict SBI. We, therefore, vacate Appellant's conviction of Robbery charged under Section 3701(a)(1)(i).

The Commonwealth argues that this Court should uphold Appellant's conviction notwithstanding the lack of evidence that the victim suffered a serious bodily injury because Appellant was on notice that the Commonwealth intended to pursue a conviction for the charge of threat of serious bodily injury. To support this argument, the Commonwealth relies on the language in the Criminal Complaint and Appellant's own contention in the motion to quash that, based on the evidence presented at the preliminary hearing, the Commonwealth should amend the Information to include a charge of Robbery—Threat of SBI.

---

[6] In contrast, a defendant commits Robbery—**Threat** of SBI if, in the course of committing a theft, the defendant "threatens another with or intentionally puts him in fear of immediate serious bodily injury." 18 Pa.C.S. § 3701(a)(1)(ii).

The Commonwealth, however, has failed to provide us with any legal authority, and we have found none, to support the contention that the Commonwealth's allegation in a criminal complaint supersedes the specific charges in the Information so that it is the allegations in the Criminal Complaint that provide the basis for a conviction rather than the specific charges in the Information.

Additionally, we observe that by failing to amend the Information to include Robbery—Threat of SBI, the Commonwealth did, in fact, put Appellant on notice—notice that it **was only** pursing a conviction of Robbery—Inflict SBI and **not** of Robbery—Threat of SBI. Moreover, the Commonwealth's argument that Appellant had notice of the appropriate charge because its counsel suggested that the Commonwealth amend the Information defies logic. It is the Commonwealth that determines which charges to pursue and, thus, which charges to include in the Information; defense counsel's knowledge of the defect with the Information does not constitute appropriate notice of a charge **not** listed in the Information and does not eliminate the Commonwealth's obligation to provide notice of the charges it has chosen to pursue.

In her remaining issues, Appellant asserts that her sentence is illegal because the trial court exceeded its authority when it imposed supervisory conditions as part of the sentence, including that she "be subject to a personal search or search of her property at the discretion of probation" and participate in various treatment programs. Appellant's Br. at 52-62.

A defendant who is sentenced to a maximum term of five or more years of total or partial confinement "shall be committed to the Department of Corrections for confinement." 42 Pa.C.S. § 9762(b)(1). When a defendant is imprisoned in a state correctional institution pursuant to the above provision, the state board of probation and parole "shall have exclusive power" to parole and reparole the defendant, commit and recommit him for violations of parole, and "[t]o establish special conditions of supervision for paroled offenders." 61 Pa.C.S. § 6132(a)(1)(i), (3). A judge may make "a recommendation" to the board of probation and parole regarding the term of imprisonment the defendant should serve before parole is granted and regarding the terms of parole. *Id.* at § 6134(1), (2). However, any such recommendations "shall be advisory only" and are not "binding" on the board or the department of corrections. *Id.* at § 6134(2).

In this case, the trial court sentenced Appellant to a term of incarceration of 3½ to 7 years. Accordingly, the court imposed a state prison sentence, and it is within the purview of the state board of probation and parole, and not the trial court, to determine whether and when Appellant should be paroled and the supervisory conditions of that parole that are appropriate. While the sentencing court may provide recommendations to the board regarding these matters, it did not have authority to order that they be implemented. *See Commonwealth v. Merced*, 308 A.3d 1277, 1284 (Pa. Super. 2024) (holding that the sentencing court lacked the authority to impose conditions on its state sentence; while the court could recommend those

conditions, it was up to the Department of Corrections and Board of Probation and Parole to establish the conditions of his incarceration and parole) *Commonwealth v. Coulverson*, 34 A.3d 135, 141-42 (Pa. Super. 2011) (same).

In sum, we vacate Appellant's judgment of sentence and her conviction of Robbery—Inflict SBI. We affirm Appellant's convictions of Theft, Simple Assault, and Receiving Stolen Property, and remand for the court to reimpose sentences for those convictions.

Judgment of sentence vacated. Robbery conviction vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/24/2026

- 10 -